**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0387-17T4

ROBERT J. TRIFFIN,

    Plaintiff-Appellant,

v.

UNITED STATES FIRE
INSURANCE CO., individually
and d/b/a CRUM & FORSTER,

    Defendant-Respondent,

and

JUAN PINERO,

    Defendant.

_____

Argued telephonically January 31, 2019 –
Decided June 5, 2019

Before Judges Simonelli and O'Connor.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. DC-002147-13.

Robert J. Triffin, appellant, argued the cause pro se.

Respondent has not filed a brief.

PER CURIAM

Plaintiff Robert Triffin appeals from the August 18, 2017 Law Division order, which denied his motion to recover his trial and appellate costs pursuant to Rule 4:42-8. We affirm, but for reasons other than those expressed by the trial court. Aquilio v. Cont'l Ins. Co. of N.J., 310 N.J. Super. 558, 561 (App. Div. 1998).

The procedural history and facts of this case are set forth in Triffin v. United States Fire Insurance Co., No. A-0607-15 (June 12, 2017) (slip op. at 1-4) and are incorporated herein. The following facts inform our review.

Plaintiff sued defendant United States Fire Insurance Co. (USFI) to recover on a dishonored check for $848 that USFI issued to defendant Juan Pinero. Id. at 1-2. USFI filed a motion to sanction Triffin for failure to provide discovery. Id. at 3. In an April 2, 2015 order, the trial court dismissed Triffin's complaint without prejudice, directed him to serve the outstanding discovery by June 1, 2015, and ordered him to pay a $300 restoration fee. Id. at 3-4. In an April 24, 2015 order, the court denied Triffin's motion for reconsideration. Id. at 4. Triffin subsequently served the discovery, paid the $300 restoration fee,

2

and filed a motion to restore the complaint. The complaint was restored on June 5, 2015. Ibid.

In a July 24, 2015 order, the court granted USFI's motion for summary judgment and denied Triffin's cross-motion for summary judgment. Ibid. The court held that Triffin could not enforce the dishonored check because he was neither a holder nor a non-holder in possession with the rights of a holder. Id. at 7-8. In a September 4, 2015 order, the court denied Triffin's motion for reconsideration. Id. at 4. Triffin appealed, challenging both the $300 restoration fee and the court's rulings on the summary judgment motions. Id. at 8.

We reversed the $300 restoration fee finding the fee should have been $25 pursuant to Rule 6:4-6[1] because Triffin timely filed his motion to restore the complaint. Id. at 8-9. We found no merit in Triffin's remaining arguments and

---

[1] Rule 6:4-6 provides as follows, in pertinent part:

> The provisions of [Rule] 4:23 (sanctions for failure to make discovery) shall apply to actions in the Special Civil Part, except that:
>
> . . . .
>
> (b) Restoration Fees. The amounts of the restoration fees of $100 and $300 specified in [Rule] 4:23-5 (a) are reduced to $25 if the motion is made within 30 days and $75 thereafter.

affirmed the grant of summary judgment to USFI for substantially the same reasons the trial court expressed in its oral opinion. Id. at 9. We held:

> In the final analysis, in order for [Triffin] to enforce this negotiable instrument under these circumstances, [Triffin] must either be a "holder" of the instrument or a "nonholder" in possession of the [negotiable] instrument . . . [with] the rights of a "holder." There is no evidence [Triffin] was either.
>
> [Id. at 9 (alterations in original) (citing N.J.S.A. 12A:3-301).]

We also held: "To the extent we have not addressed any specific argument advanced by [Triffin], it is because we found such argument without sufficient merit to require discussion in a written opinion." Id. at 9-10 (citing R. 2:11-3(e)(1)(E)).

Triffin filed a motion with the trial court for a refund of $275 of the restoration fee. In a June 12, 2017 order, the trial court ordered that "the Superior Court of New Jersey shall process a refund of the amount of $275 to [Triffin], said amount to be paid to [Triffin] by the Treasurer, within [sixty] days of this [o]rder[.]" Triffin subsequently filed a motion to assess trial and appellate costs in the amount of $622 based solely on our June 12, 2017 opinion reversing the restoration fee. In an August 18, 2017 order, the court denied Triffin's motion, finding no legal basis to award costs.

In this appeal, Triffin raises the following argument:

POINT ONE

PURSUANT TO THIS COURT'S PRIOR DECISION
OF JUNE 12, 2017 TRIFFIN IS THE PRE[V]AILING
PARTY, AND IN ACCORD WITH COURT [RULE]
4:42-8, TRIFFIN IS ENTITLED TO RECOVER HIS
COURT AND APPELL[ATE] COSTS[.]

We reject this argument.[2]

Rule 4:42-8(a) provides: "Unless otherwise provided by law, these rules or court order, costs shall be allowed as of course to the prevailing party." Our Supreme Court adopted the United States Supreme Court's definition of prevailing party status as follows:

> The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement. Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. Otherwise the judgment or settlement cannot be said to "affec[t] the behavior of the defendant toward the plaintiff."

---

[2] We decline to address Triffin's additional argument that he is entitled to trial and appellate costs because USFI invited reversible error by urging the court to sanction him $300 to reinstate his case when Rule 6:4-6 only permitted a $25 sanction. Triffin did not raise this issue before the trial court, it is not jurisdictional in nature, and it does not substantially implicate the public interest. Zaman v. Felton, 219 N.J. 199, 226-27 (2014).

A-0387-17T4

> [Tarr v. Ciasulli, 181 N.J. 70, 86 (2004) (alteration in original) (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)).]

Accordingly, our Supreme Court held that a plaintiff is deemed a prevailing party where the plaintiff "is awarded some affirmative relief by way of an enforceable judgment against defendant or other comparable relief through a settlement or consent decree." Id. at 86-87 (emphasis added).

Triffin was not awarded affirmative relief by way of an enforceable judgment against USFI or other comparable relief through a settlement or consent decree. Neither this court, nor the trial court, ordered USFI to refund $275 to Triffin and there was no settlement or consent decree between the parties regarding the refund. In addition, Triffin lost his appeal on his substantive claim against USFI for recovery on the dishonored check. Thus, Triffin was not the prevailing party in his prior appeal and is not entitled to trial court and appellate costs under Rule 4:42-8(a). Triffin's arguments to the contrary are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0387-17T4